UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
------------------------------------------------------------X
UNITED STATES OF AMERICA,

    - against -

ANDREI KOZLOVSKI,

              Defendant.

------------------------------------------------------------X

**MEMORANDUM AND ORDER
ON MOTION *IN LIMINE*** 
10-CR-458 (RRM)

ROSLYNN R. MAUSKOPF, United States District Judge.

On September 21, 2011, the United States Attorney's Office for the Eastern District of New York (the "government") filed a motion *in limine* to preclude cross-examination at trial regarding certain prior acts of two potential government witnesses, Igor Vetukh and Vadim Yuzovilskiy. (U.S. Mot. *in limine* ("U.S. Mot.").) The Defendant replied by letter dated September 29, 2011. (Def. Reply ("Reply") (Doc. No. 38).) Upon review, the Court rules as follows.

## BACKGROUND

The Court assumes the parties' familiarity with the factual background and procedural history of this case, and will address only those aspects that are relevant to the instant motion. The government, by motion *in limine* in advance of trial, seeks to preclude cross-examination about certain prior acts of two of its potential witnesses, Igor Vetukh and Vadim Yuzovilskiy. (U.S. Mot. at 2-7, 7-9.) Specifically, the government seeks to preclude questioning regarding Vetukh's July 16, 2011 arrest for driving under the influence of alcohol and related charges (U.S. Mot. at 2-3 & Ex. E), and an admission by Yuzovilskiy that "for a few years" ending in 2010, he submitted false time sheets to his employer, a home health care agency, indicating that he was working full-time when, in fact, he was only working "approximately half the time he listed"

(U.S. Mot. at 8). Yuzovilskiy was involved in a scheme substantially similar to that charged of defendant in this case, and he cooperated with the government against both Vetukh and defendant. (U.S. Mot. at 7.) In reply to the government's motion, defendant stated that he does not intend to question Vetukh regarding his recent arrest, but contends that he is entitled to question Yuzovilskiy regarding the false time sheets under Federal Rule of Evidence 608(b). (Reply at 2.)

## DISCUSSION

Under Federal Rule of Evidence 608(b) the Court has discretion to permit cross-examination into specific instances of conduct if the conduct is probative of that witness's character for truthfulness or untruthfulness. *See United States v. Cedeno*, 644 F.3d 79, 82 (2d Cir. 2011).

Rule 608(b) provides in relevant part that:

> Specific instances of the conduct of a witness, for the purpose of attacking or supporting the witness' character for truthfulness, other than conviction of crime as provided in rule 609, may not be proved by extrinsic evidence. They may, however, in the discretion of the court, if probative of truthfulness or untruthfulness, be inquired into on cross-examination of the witness (1) concerning the witness' character for truthfulness or untruthfulness . . . .

While Rule 608(b) is intended to be restrictive of general inquiries into prior bad acts, and a court may impose "reasonable limits" on cross-examination, it must also give "wide latitude to a defendant in a criminal case to cross-examine government witnesses." *Cedeno*, 644 F.3d at 82 (quotation marks omitted).

### I. Igor Vetukh

The government seeks to preclude cross-examination regarding Vetukh's July 16, 2011 arrest. The government argues that the "pendency of the [charges] does not bear on Vetukh's

truthfulness" (U.S. Mot. at 5) and defendant does not contest the government's position, instead stating that he "does not seek to cross-examine the witness Vetukh concerning this arrest" (Reply at 2). Therefore, the government's motion *in limine* as to Vetukh is GRANTED on consent.

## II. Vadim Yuzovilskiy

The government also seeks to preclude cross-examination regarding Yuzovilskiy's submission of false time sheets to his employer. The government characterizes Yuzovilskiy's actions as larceny and argues that larceny is not probative of truthfulness under Rule 608. (U.S. Mot. at 8-9.) Defendant argues that "fraudulent submissions of false time sheets . . . goes to the heart of the witnesses' capacity for untruthfulness." (Reply at 2.) The Court agrees with the defendant.

It is abundantly clear that false statements may be the basis for questioning under Rule 608. *See Hynes v. Coughlin*, 79 F.3d 285, 293-94 (2d Cir. 1996) (determining that cross-examination regarding witness filing a false workmen's compensation claim properly related to witness' character for truthfulness); *United States v. Jones*, 900 F.2d 512, 520-21 (2d Cir. 1990) (approving cross-examination regarding false statements made on applications for employment, an apartment, a driver's license, a loan and membership in an association under Rule 608); *United States v. Sperling*, 726 F.2d 69, 74-75 (2d Cir. 1984) (approving cross-examination regarding false credit card application under Rule 608).[1]

Further, under Federal Rule of Evidence 403, the probative value of cross-examination regarding Yuzovilskiy's false time sheets is not outweighed by any unfair prejudice. Put simply,

---

[1] The government classifies Yuzovilskiy's actions as mere "larceny." While it is true that not all larcenies are probative of truthfulness, courts will "look beyond the elements of the offense to determine whether . . . [the] facts establish[] dishonesty or false statement." *United States v. Payton*, 159 F.3d 49, 56-57 (2d Cir. 1998) (finding it appropriate to admit evidence regarding a larceny conviction for unlawfully receiving food stamps under Rule 609's similar "dishonesty or false statement" standard where conviction was based on false statements). Here the "larceny" clearly involved a false statement - - the time sheets - - and therefore is probative of Yuzovilskiy's truthfulness.

the jury should be allowed to consider whether a witness who recently lied to his employer for his own gain might be similarly inclined when testifying for the government after pleading pursuant to a cooperation agreement. Therefore, the government's motion *in limine* is DENIED as to Yuzovilskiy.

**CONCLUSION**

For the reasons stated in the Memorandum and Order, the government's motion *in limine* is GRANTED in part and DENIED in part.

SO ORDERED.

Dated: Brooklyn, New York
October 14, 2011

*Roslynn R. Mauskopf*
_____
ROSLYNN R. MAUSKOPF
United States District Judge

4